# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER, Jr., Booking No. 13719099,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY, et al.,<br><br>　　　　　　　　　Defendants. | Civil No.　14cv1965 LAB (WVG)<br><br>**ORDER:**<br><br>**1) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)**<br>**(Doc. No. 2)**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY CIVIL FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)** |

　　David B. Turner, Jr., ("Plaintiff"), a state prisoner then serving his sentence in local custody at the San Diego County Sheriff's Department Detention Facility in Vista, California, and proceeding in pro se, filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983 on August 21, 2014 (Doc. No. 1).[1]

---

[1] On September 22, 2014, Plaintiff filed a Notice of Change of Address in *Turner v. San Diego Central Jail*, et al., S.D. Cal. Civil Case No. 13cv1133 WQH (BGS), indicating his anticipated release from state custody on September 29, 2014, and requesting that the Clerk of Court note his change of address in this case, as well as in no fewer than *nine* additional cases he has filed in this Court while in custody since May

Plaintiff did not prepay the $400 civil filing fee required to commence a civil action by 28 U.S.C. § 1914(a) at the time of filing; instead he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

In his Complaint, Plaintiff alleges the County of San Diego, its Sheriff William D. Gore, and the Vista Detention Facility itself, violated his constitutional rights in December 2013, January 2014, and April 2014, by exposing him to unsanitary cell conditions and polluted air. *See* Compl. at 2-5. Plaintiff seeks injunctive relief as well as $700,000 in both compensatory and punitive damages.[2] *Id.* at 7.

## I.    Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[3] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

/ / /

/ / /

/ / /

/ / /

---

2013 (Doc. No. 68).

[2] Plaintiff's release from custody has rendered his claims for injunctive relief related to conditions at the Vista Detention Facility moot. *See Preiser v. Newkirk*, 422 U.S. 395 (1975) (inmate's request for declaratory judgment rendered moot by his transfer to another prison). When an inmate has been released from custody or transferred to another prison and there is no reasonable expectation or demonstrated probability that he will again be subjected to the conditions from which he seeks injunctive relief, his claim for injunctive relief should be dismissed as moot. *See Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995). The possibility that an inmate might be transferred back to the prison where the injury occurred is too speculative to overcome mootness. *Id.*; *see also Wiggins v. Rushen*, 760 F.2d 1009 (9th Cir. 1985).

[3] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

However, if the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h),[4] as amended by the Prison Litigation Reform Act ("PLRA"), at the time of filing, he may be granted leave to proceed IFP, but unlike non-incarcerated civil litigants, he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Thus, under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

Plaintiff was incarcerated at the Vista Detention Facility when he filed this action; indeed, he so admits in his Motion to Proceed IFP, to which he has attached a copy of his inmate trust account activity as reported by Sheriff's Department officials. *See* Doc. No. 2 at 1, 4. As a prisoner, therefore, he is "required to pay the full amount of a filing fee" in order to commence a civil action. 28 U.S.C. § 1915(b)(1).

When a prisoner, like Plaintiff, files a motion to proceed IFP which shows he is financially unable to prepay the *full* amount of the civil filing fee required by 28 U.S.C.

---

[4] Under 28 U.S.C. § 1915(h), "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

§ 1914(a), the Court typically assesses an initial partial filing fee based on Plaintiff's average inmate trust account deposits and balances over the six-month period preceding the filing of his complaint, *see* 28 U.S.C. § 1915(b)(1), and thereafter directs the "agency having custody" to forward both the initial and subsequent monthly payments required "until the filing fees are paid."  *See* 28 U.S.C. § 1915(b)(2).

However, Plaintiff's release from custody renders 28 U.S.C. § 1915(b)'s fee collection provisions a nullity in this case; for if Plaintiff is no longer incarcerated at the Vista Detention Facility, and he is no longer in the custody of any state or local correctional institution, no inmate trust account exists from which his filing fees may be garnished and forwarded to the court.  *See DeBlasio v. Gilmore*, 315 F.3d 396, 399 (4th Cir. 2010) (noting that after a prisoner is released, there is "no 'prisoner's account' from which to deduct . . . payments."). "Section 1915(b)(2) provides no method of remitting payments other than by deduction from a prisoner's account, and thus it does not shed any light on how payments should be paid once that prisoner is released." *Id.*

The Ninth Circuit has yet to decide how a released prisoner who is obligated to "pay the full amount of a filing fee" under 28 U.S.C. § 1915(b)(1) may proceed IFP after he has been released, *i.e.*, whether he must prepay the entire civil filing fee at once, whether he may proceed by some other partial fee and/or court-ordered installment payment plan, or whether his obligation to pay the fee is waived altogether or in part by virtue of his release.  *See Putzer v. Attal*, 2013 WL 4519351 at *1 (D. Nev. Aug. 23, 2013) (unpub.) (noting the "unresolved issue within the Ninth Circuit regarding the application of the Prison Litigation Reform Act (PLRA) pauper application requirements in cases where the prisoner is released *pendente lite, i.e.,* during the litigation.").

In *Putzer*, U.S. District Judge Andrew P. Gordon canvassed other published federal circuit cases, noted a split, and concluded, like the Fifth, Seventh, and District of Columbia Circuits, that if an IFP application is filed by a prisoner, the "straightforward Congressional command in § 1915(b)(1)" requires that "full payment . . . is triggered upon the filing of the . . . complaint," and regardless of "how the

requirement is satisfied." *Id.* at *1-2; *citing Gay v. Texas Dept. of Corrections*, 117 F.3d 240, 241-42 (5th Cir. 1997); *In re Smith*, 114 F.3d 1247, 1251-52 (D.C. Cir. 1997); *Robbins v. Switzer*, 104 F.3d 895, 897-99 (7th Cir. 1997).

Judge Gordon further rejected the Tenth, Fourth, Sixth, and Second Circuit's contrary conclusions in *Brown v. Eppler*, 725 F.3d 1221, 1231 n.7 (10th Cir. 2013); *DeBlasio*, 315 F.3d at 397; *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1138-39 (6th Cir. 1997); and *McCann v. Commissioner, Social Security Administration*, 96 F.3d 28, 29-30 (2d Cir. 1996), all holding that § 1915(b)(1)'s full fee payment requirements do *not* continue post-release, and instead noted that "even prior to the PLRA . . . district courts [in the Ninth Circuit] possessed authority under the non-PLRA-related provisions of § 1915 to require partial and/or installment payments." *Putzer*, 2013 WL 4519351 at *2 (citing *Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995) ("We take this opportunity to make the apparent explicit: Courts have discretion to impose partial filing fees under the *in forma pauperis* statute.")).

Reasoning that because "[i]n the Ninth Circuit . . . , the district court retains the discretion to order installment payments even without the specific statutory payment mechanisms otherwise applicable when the plaintiff is incarcerated," *id*. at *2 n.2, Judge Gordon concluded, for reasons this Court also finds persuasive, and in the absence of other binding authority on point, that while "the amount of the initial partial payment and installment payments may be determined either from the plaintiff's prior inmate account balance and/or based on upon the plaintiff's post-release assets and income, . . . the fact that a different, but pre-existing method of enforcing the full-payment requirement of the statute must be utilized does not justify disregarding the Congressional command as to what is required." *Id*. Indeed, this Court's own Local Rules governing actions brought IFP have long provided that "[i]n considering a non-prisoner's request to proceed *in forma pauperis*, the court may, in its discretion, impose a partial filing fee partial fee which is less than the full filing fee that is required by law, but which is commensurate with the applicant's ability to pay." *See* S.D. CAL. CIVLR 3.2d.

And while the PLRA's amendments to § 1915(b)(1) do not permit imposition of a fee less than the "full amount" which is owed because Plaintiff was a prisoner at the time of filing, this Court finds that it may assess, based on the financial information provided in Plaintiff's inmate trust account statements, a partial initial fee pursuant to § 1915(b)(1), and thereafter exercise its pre-PLRA discretion under *Olivares* and Local Rule 3.2d to collect the remainder of the $350 filing fee balance, due in installments, and dependent on Plaintiff's post-release ability to pay. *See Putzer*, 2013 WL 4519351 at *3; *Olivares*, 59 F.3d at 112 (remanding fee payments to district court in order to "review [plaintiff's] present economic situation and fit a fee to the economic facts if [he] [wa]s still interested in pursuing his claim.").

However, because 28 U.S.C. § 1915(b)(4) also provides that "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial filing fee," *see Taylor*, 281 F.3d at 850 (28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered"), and the Court does not have before it any financial affidavit which reflects Plaintiff's *current* post-incarceration income, assets, or ability to pay, it hereby DENIES Plaintiff's previously filed Motion to Proceed IFP (Doc. No. 2), without prejudice, and directs him, should he wish to further prosecute this action, to file a supplemental Motion to Proceed IFP which documents his current post-release income, assets, and expenses within 30 days of this Order. *See* 28 U.S.C. § 1915(a).

If he does, Plaintiff is cautioned that even if his supplemental motion to proceed IFP is granted, he will nevertheless remain obligated to pay the full $350 civil filing fee required by 28 U.S.C. § 1914(a) due to his status as a prisoner at the time this action was commenced. *See* 28 U.S.C. § 1915(b)(1). His status as a prisoner at filing will also subject Plaintiff to other restrictions placed on prisoners under the PLRA: his Complaint will be immediately subject to the sua sponte screening required by 28 U.S.C. § 1915A(b) and dismissed if it is found to be frivolous or malicious, if it fails to state a

claim, or if it seeks monetary relief from a defendant who is immune, and regardless of any fees which will remain due.[5] *See* 28 U.S.C. § 1915A(b)(1)-(2); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). Such a dismissal may also count as a "strike" against him pursuant to 28 U.S.C. § 1915(g). *See Andrews*, 398 F.3d at 1116 n.1 ("Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP."). In addition, Plaintiff's claims will be subject to dismissal if he failed to exhaust all administrative remedies as were available to him while he was incarcerated before he filed suit. *See* 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006) (holding that "a complaint is 'brought' by the prisoner [under § 1997e(a)] when he submits it to the court. Accordingly, he must have entirely exhausted administrative remedies by this point.").

## II.   Conclusion and Order

Based on the foregoing, the Court hereby **DENIES** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2) without prejudice and **DISMISSES** this civil action without prejudice for failure to prepay filing fees required by 28 U.S.C. § 1914(a).

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days leave in which to re-open his case by filing a supplemental Motion to Proceed IFP that includes an affidavit documenting his current post-release income, assets, and expenses. *See* 28 U.S.C. § 1915(a). If Plaintiff elects to file this supplemental Motion to Proceed IFP, he is cautioned that he will still be required to pay the full $350 civil filing fee, but pursuant

---

[5] The Court further notes that while it will defer the full mandatory screening required by 28 U.S.C. § 1915A(b) until after Plaintiff makes a decision as to whether he wishes to continue to proceed IFP, that a preliminary review of his Complaint reveals conditions of confinement claims which appear duplicative of others he filed previously and which are currently pending before Judge Sammartino in *Turner v. County of San Diego, et al.,* S.D. Cal. Civil Case No. 13cv2729 JLS (PCL). *See Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)). A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted).

to a partial installment payment plan devised by the Court dependent on his income, as funds are available, and regardless of whether his case is subsequently dismissed sua sponte pursuant to 28 U.S.C. § 1915A(b) or for any other reason.

If Plaintiff chooses *not* to comply with this Order, this civil action will remain **DISMISSED** without prejudice for the reasons stated herein and without any further Order by the Court.

DATED:  November 5, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge