# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER, Jr., CDCR #G-30643, Booking No. 13719099,<br><br>                            Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY;<br>SAN DIEGO COUNTY SHERIFF;<br>WILLIAM D. GORE;<br>VISTA DETENTION,<br><br>                            Defendants. | Civil No.   14cv1965 LAB (WVG)<br><br>**ORDER:**<br><br>**(1)  GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* (ECF Doc. No. 4)**<br><br>**AND**<br><br>**(2)  SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM AND AS FRIVOLOUS  PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)(1)** |

David B. Turner, Jr., ("Plaintiff"), a former state prisoner serving his sentence at the San Diego County Sheriff's Department Vista Detention Facility ("VDF"), in Vista, California,[1] initiated this civil rights action pursuant to 42 U.S.C. § 1983 on August 21, 2014 (ECF Doc. No. 1).

---

[1] On September 22, 2014, Plaintiff filed a Notice of Change of Address in *Turner v. San Diego Central Jail*, et al., S.D. Cal. Civil Case No. 13cv1133 WQH (BGS) (Doc. No. 68), indicating his anticipated release from state custody on September 29, 2014.

# I.

## Procedural History

Plaintiff did not prepay the $400 civil filing fee required to commence a civil action by 28 U.S.C. § 1914(a) at the time of filing; instead he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).

On November 7, 2014, the Court denied Plaintiff's Motion to Proceed IFP, however, because it failed to adequately describe his post-incarceration income, assets, or expenses. *See* Nov. 7, 2014 Order (ECF Doc. No. 3) at 6-7. Plaintiff was granted thirty days in which to file a supplemental IFP motion which "include[d] an affidavit documenting his post-release income, assets, and expenses," and demonstrated his current inability to pay the filing fees required by 28 U.S.C. § 1914(a). *Id.* at 7-8. Plaintiff was further cautioned that should he elect to proceed by filing a supplemental Motion to Proceed IFP, his Complaint would be subject to the sua sponte screening required by 28 U.S.C. § 1915A, and immediately dismissed if it was found frivolous or malicious, if it failed to state a claim, or if it sought damages from immune governmental defendants. *Id.* at 6-7 & n.5.

Plaintiff has since filed a supplemental Motion to Proceed IFP in compliance with the Court's November 7, 2014 Order (ECF Doc. No. 4).

# II.

## Supplemental Motion to Proceed IFP

As Plaintiff knows, all parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of a civil action without prepayment of fees if a person submits an affidavit, including a statement of all assets he possesses, that shows he is unable to pay the required filing fee. *See* 28 U.S.C. § 1915(a).

1  The determination of indigency falls within the court's discretion. *See Cal. Men's*
2  *Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S.
3  194 (1993). *See also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)
4  (noting that while a civil litigant need not "be absolutely destitute to enjoy the benefit of
5  the [28 U.S.C. § 1915]," his affidavit must nevertheless demonstrate to the court that he
6  cannot, because of poverty, pay or give security for the costs of suit "and still be able to
7  provide himself and dependents with the necessities of life.") (internal quotations
8  omitted). The facts as to the affiant's poverty must be stated with "some particularity,
9  definiteness, and certainty," however. *United States v. McQuade*, 647 F.2d 938, 940 (9th
10 Cir. 1981) (citation omitted).

11 Here, the Court finds that Plaintiff has now submitted an affidavit sufficient to
12 satisfy both 28 U.S.C. § 1915(a)(1) and S.D. CAL. CIVLR 3.2. Plaintiff claims he is a
13 "poor person" and has "no way to pay the full filing fee for this case." *See* Pl.'s Mot.
14 (ECF Doc. No. 4) at 1. He further claims to receive a monthly income of only $194 in
15 food stamps and $307 in cash relief, and has attached photocopies of his monthly Notice
16 of Benefits under the County of San Diego's General Relief and CalFresh Benefits
17 Program. Plaintiff's General Relief Notice also indicates he has been "found
18 unemployable through 02/28/2015." *Id.* at 2.

19 From this supplemental accounting, the Court finds Plaintiff has insufficient
20 available funds from which to pay any filing fees at this time. *See* 28 U.S.C.
21 § 1915(b)(4). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF
22 Doc. No. 4).

### III.

### Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A(b)

**A.    Standard**

26 As Plaintiff is also aware, the Prison Litigation Reform Act's amendments to 28
27 U.S.C. § 1915 also require that the Court review complaints filed by all persons
28 proceeding IFP and by those, like Plaintiff, who file while "incarcerated or detained in

any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

While a plaintiff's factual allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not

initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even before *Iqbal*, "[v]ague and conclusory allegations of official participation in civil rights violations" were not "sufficient to withstand a motion to dismiss." *Id.*

### B.     Plaintiff's Complaint

In his Complaint, Plaintiff alleges the County of San Diego, its Sheriff William D. Gore, and the Vista Detention Facility itself, violated his constitutional rights in December 2013, January 2014, and April 2014, by exposing him to unsanitary cell conditions and polluted air. *See* Compl. at 2-5. Plaintiff seeks injunctive relief as well as $700,000 in both compensatory and punitive damages.[2] *Id.* at 7.

### C.     Defendant Vista Detention Facility

First, the Court finds Plaintiff's Complaint requires sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(1) and § 1915A(b)(1) to the extent it seeks relief under § 1983 against the "Vista Detention Facility." *See* Compl. at 1, 2.

"To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011) (citing *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). A county jail or detention facility (like VDF) is not a proper defendant under § 1983. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against

---

[2] Plaintiff's release from custody has rendered moot his claims for injunctive relief related to conditions at VDF. *See Preiser v. Newkirk*, 422 U.S. 395 (1975) (inmate's request for declaratory judgment rendered moot by his transfer to another prison). When an inmate has been released from custody or transferred to another prison and there is no reasonable expectation or demonstrated probability that he will again be subjected to the conditions from which he seeks injunctive relief, his claim for injunctive relief should be dismissed as moot. *See Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995). The possibility that an inmate might be transferred back to the prison where the injury occurred is too speculative to overcome mootness. *Id.*; *see also Wiggins v. Rushen*, 760 F.2d 1009 (9th Cir. 1985).

Case 3:14-cv-01965-LAB-WVG   Document 5   Filed 03/16/15   PageID.54   Page 6 of 10

a municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.').

Therefore, Plaintiff's Complaint fails to state a claim upon which § 1983 relief can be granted against VDF and any purported claims against VDF must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 191A(b)(1).

**D.     Municipal Liability**

Second, while Plaintiff's Complaint also names the County of San Diego as a Defendant, and the County may be considered a "person" properly subject to suit under § 1983, *see Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978); *Hammond v. County of Madera*, 859 F.2d 797, 801 (9th Cir. 1988), the County may be held liable only where the Plaintiff alleges facts to show that a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the municipality, or a "final decision maker" for the municipality. *Monell*, 436 U.S. at 690; *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 402-04 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995). In other words, "respondeat superior and vicarious liability are not cognizable theories of recovery against a municipality." *Miranda v. Clark County, Nevada*, 279 F.3d 1102, 1109-10 (9th Cir. 2002).

Plaintiff's Complaint seeks to hold the County liable based on claims that unidentified "local prison officials" at VDF failed to provide "humane conditions of confinement." *See* Compl. at 3. However, "a municipality cannot be held liable solely because it employs a tortfeasor." *Monell*, 436 U.S. at 691; *Navarro*, 72 F.3d at 714. Instead, to allege a claim of municipal liability, Plaintiff must include in his pleading enough "factual content" to support a reasonable inference to show that: (1) he was deprived of a constitutional right; (2) the county had a policy; (3) the policy amounted to deliberate indifference to his constitutional right; and (4) the policy was the "moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831,

I:\Everyone\_EFILE-PROSE\LAB\14cv1965-grt-IFP&dsm.wpd         -6-                    14cv1965 LAB (WVG)

835 (9th Cir. 1996); *see also Iqbal*, 556 U.S. at 678; *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

As currently pleaded, however, Plaintiff's Complaint fails to state a claim under 28 U.S.C. §§ 1915(e)(2) and § 1915A(b) because he has failed to allege any facts which "might plausibly suggest" that he was subject to unsanitary or unsafe conditions pursuant to any municipal custom, policy, or practice implemented or promulgated with deliberate indifference to his constitutional rights, or that such a policy was the "moving force" or cause of his injury. *See Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Iqbal*'s pleading standards to *Monell* claims); *Brown*, 520 U.S. at 404 ("[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality . . . [t]he plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a causal link between the municipal action and the deprivation of federal rights.").

### E. Vicarious Liability

Third, as to the only individual person currently named as a Defendant, William D. Gore, the San Diego County Sheriff, Plaintiff's Complaint also fails to state a claim upon which § 1983 relief can be granted, because it contains no individualized allegations of wrongdoing by Sheriff Gore, and instead only describes him as the "local prison official" presumably responsible for failing to provide him with "humane conditions." *See* Compl. at 2, 3.

"Because vicarious liability is inapplicable to . . . § 1983 suits," Plaintiff "must plead that each Government-official defendant, though the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff's Complaint, however, contains no further "factual enhancement" to describe what Gore did, or failed to do with regard to his overflowing toilet on January 21, 2014, or his alleged exposure to "toxic fumes" on April 6, 2014. *See* Compl. at 3, 5; *Estate of Brooks v. United States*,

197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim."). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986).

A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).

Thus, without some specific "factual content" that might allow the Court to "draw the reasonable inference" that Sheriff Gore may be held personally liable for any unconstitutional conduct directed at Plaintiff, the Court finds his Complaint, as currently pleaded, contains only the type of "defendant-unlawfully-harmed-me accusations," which *Iqbal* makes clear, fail to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 568.

### F. Duplicative Claims

Finally, the Court finds that Plaintiff's claims of being exposed to "polluted" air that "c[ame] out of the vents" while he was housed not at VDF, but rather, at George Bailey Detention Facility on December 23, 2013, *see* Compl. at 4, must be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)(1). These allegations are simply duplicative of claims he has previously alleged in a separate civil rights case currently pending before Judge Sammartino. *See Turner v. County of San Diego, et al.,* S.D. Cal. Civil Case No. 13cv2729 JLS (PCL) (ECF Doc. No. 4), "Amend. Compl." at 1, 3. *See Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if

those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted).

## IV.

## Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Supplemental Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 4) is **GRANTED**.

2. Plaintiff's duplicative claims are **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) and *without* leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

3. Plaintiff's remaining claims are **DISMISSED** without prejudice and *with* leave to amend for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff is **GRANTED** thirty (30) days leave from the date this Order is filed in which to re-open this case by filing a Amended Complaint which cures the deficiencies of pleading described above. Plaintiff's Amended Complaint must be complete by itself without reference to his original complaint. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

/ / /

1  Should Plaintiff elect *not* to proceed by filing a Amended Complaint within the
2 time provided, the Court will enter a final Order of dismissal of this civil action as
3 frivolous, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and
4 § 1915A(b)(1), and based on Plaintiff's failure to prosecute in compliance with a Court
5 Order requiring amendment.

7 DATED: March 13, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge