# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER, Jr., CDCR #G-30643, Booking No. 13719099,<br><br>Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY, et al.,<br><br>Defendants. | Civil No.   14cv1965 LAB (WVG)<br><br>**ORDER DISMISSING AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)(1)**<br><br>**[Doc. No. 6]** |

David B. Turner, Jr., ("Plaintiff"), a former state prisoner serving his sentence at the San Diego County Sheriff's Department Vista Detention Facility ("VDF"), in Vista, California,[1] initiated this civil rights action pursuant to 42 U.S.C. § 1983 on August 21, 2014 (ECF Doc. No. 1).

/ / /

/ / /

/ / /

---

[1] On September 22, 2014, Plaintiff filed a Notice of Change of Address in *Turner v. San Diego Central Jail*, et al., S.D. Cal. Civil Case No. 13cv1133 WQH (BGS) (Doc. No. 68), indicating his anticipated release from state custody on September 29, 2014.

## I.     Procedural History

Plaintiff did not prepay the $400 civil filing fee required to commence a civil action by 28 U.S.C. § 1914(a) at the time of filing; instead he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).

On November 7, 2014, the Court denied Plaintiff's Motion to Proceed IFP, however, because it failed to adequately describe his post-incarceration income, assets, or expenses. *See* Nov. 7, 2014 Order (ECF Doc. No. 3) at 6-7. Plaintiff was granted thirty days in which to file a supplemental IFP motion which "include[d] an affidavit documenting his post-release income, assets, and expenses," and demonstrated his current inability to pay the filing fees required by 28 U.S.C. § 1914(a). *Id.* at 7-8. Plaintiff was further cautioned that should he elect to proceed by filing a supplemental Motion to Proceed IFP, his Complaint would be subject to the sua sponte screening required by 28 U.S.C. § 1915A, and immediately dismissed if it was found frivolous or malicious, if it failed to state a claim, or if it sought damages from immune governmental defendants. *Id.* at 6-7 & n.5.

Plaintiff filed a supplemental Motion to Proceed IFP, and the Court ultimately granted his request. *See* March 16, 2015 Order (ECF Doc. No. 5) at 2-3, 9. At the same time, however, the Court conducted its sua sponte screening as required by 28 U.S.C. § 1915(e)(2) and § 1915A(b), and dismissed Plaintiff's Complaint both for failing to state a claim and as frivolous. *Id.* at 5-9. Plaintiff was granted thirty days leave to file an Amended Complaint which addressed his deficiencies of pleading unconstitutional conditions of confinement claims against the County of San Diego and Sheriff Gore related to his stay at the VDF in December 2013, January 2014, and April 2014; however, he was denied leave to pursue similar claims related to his confinement at the George Bailey Detention Facility on December 23, 2013, because those claims were already pending before Judge Sammartino in a separate civil action filed by Plaintiff in *Turner v. County of San Diego*, S.D. Cal. Civil Case No. 13cv2729 JLS (PCL). *Id.* at 8-9 (citing *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting claims may be

classified as "frivolous" under former § 1915(d) if they "merely repeat[] pending or previously litigated claims.")).

Plaintiff has since filed an Amended Complaint ("FAC") (ECF Doc. No. 6). As he did his original Complaint, Plaintiff continues to name the County of San Diego and the VDF as Defendants. And while he no longer seeks to sue Sheriff Gore,[2] or any other individual person, Plaintiff's FAC adds both the "San Diego County Sheriff's Department" and the "State of California" as parties to his case. (*Id.* at 1-2.)

## II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A(b)

### A.     Standard of Review

As Plaintiff knows, 28 U.S.C. § 1915 requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who file while "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When there

---

[2] Because Plaintiff's FAC supersedes his original, and it fails to name Sheriff Gore or include any allegations against him, all claims against Defendant Gore are considered waived. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (claims previously dismissed with leave to amend which are no re-alleged in an amended pleading may be "considered waived if not repled.").

1  are well-pleaded factual allegations, a court should assume their veracity, and then
2  determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.
3  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-
4  specific task that requires the reviewing court to draw on its judicial experience and
5  common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this
6  plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th
7  Cir. 2009).

8  While a plaintiff's factual allegations are taken as true, courts "are not required to
9  indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th
10 Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have an
11 obligation where the petitioner is pro se, particularly in civil rights cases, to construe the
12 pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*,
13 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1
14 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially
15 pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir.
16 1982). Even before *Iqbal*, "[v]ague and conclusory allegations of official participation
17 in civil rights violations" were not "sufficient to withstand a motion to dismiss." *Id.*

18 **B.   Plaintiff's Allegations**

19 In his Amended Complaint, Plaintiff alleges the State of California, the County of
20 San Diego, its Sheriff's Department, and the VDF, violated his constitutional rights on
21 December 31, 2014 through February 3, 2014 by housing him in a cell with a toilet that
22 overflowed "repeatedly." *See* FAC at 3. Next, Plaintiff claims he was exposed to "toxic
23 chemicals" that "smelled flam[m]able" and were "used by the County of San Diego" to
24 remove graffiti at VDF on April 6, 2014. *Id.* at 4, 5. Finally, Plaintiff contends the County
25 of San Diego and the Sheriff's Department "negligently and wrongfully . . .
26 / / /
27 / / /
28

1  ignored [his] grievances and appeal." *Id.* at 6. He continues to seek injunctive relief as
2  well as $21,000,000 in general and punitive damages.[3] *Id.* at 22.

### C. 42 U.S.C. § 1983

"To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011) (citing *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987)).

### D. Defendants VDF and San Diego Sheriff's Department

First, the Court finds Plaintiff's Amended Complaint requires sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(1) and § 1915A(b)(1) to the extent it seeks relief under § 1983 against the San Diego Sheriff's Department and the VDF. *See* FAC at 2.

The Court advised Plaintiff in its March 16, 2015 Order that the VDF was not subject to suit under § 1983. *See* March 16, 2015 Order (ECF Doc. No. 5) at 5-6 (citing *Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.")). Yet Plaintiff continues to seek relief against the VDF, and has also added the San Diego Sheriff's Department, another entity not subject to § 1983 liability, as a party. *See Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'")).

/ / /

---

[3] As the Court noted in its March 16, 2015 Order (ECF Doc. No. 5), Plaintiff's release from custody has rendered moot his claims for injunctive relief related to conditions at VDF. *See Preiser v. Newkirk*, 422 U.S. 395 (1975) (inmate's request for declaratory judgment rendered moot by his transfer to another prison). When an inmate has been released from custody or transferred to another prison and there is no reasonable expectation or demonstrated probability that he will again be subjected to the conditions from which he seeks injunctive relief, his claim for injunctive relief should be dismissed as moot. *See Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995). The possibility that an inmate might be transferred back to the prison where the injury occurred is too speculative to overcome mootness. *Id.*; *see also Wiggins v. Rushen*, 760 F.2d 1009 (9th Cir. 1985).

Therefore, because Plaintiff has been previously apprised of this pleading defect, and has failed to correct it in his Amended Complaint, the Court dismisses all claims against VDF and the San Diego Sheriff's Department based on his failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 191A(b)(1) without further leave to amend. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (leave need not be continually granted where amendment constitutes an exercise in futility).

### E. State of California

A state is also not a person for the purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Therefore, Plaintiff's § 1983 claims against the State of California are legally frivolous, *see Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir.1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc), and leave to amend as to the State is denied. *Lopez*, 203 F.3d at 1127 n.8 ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

### F. Municipal Liability

Finally, while Plaintiff's Amended Complaint again names the County of San Diego as a Defendant, and the County may be considered a "person" properly subject to suit under § 1983, *see Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691 (1978); *Hammond v. County of Madera*, 859 F.2d 797, 801 (9th Cir. 1988), he has still failed to allege plausible facts to show that any constitutional deprivation he may have suffered, either with regard to his toilet, his exposure to fumes, or to his grievances, was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the County of San Diego, or a "final decision maker" for the municipality. *Monell*, 436 U.S. at 690; *Bd. of Cnty. Comm'rs of Bryan Cnty. Okl. v. Brown*, 520 U.S. 397, 402-04 (1997).

///

To state a claim for relief based on municipal liability, Plaintiff's Amended Complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and those facts must "plausibly suggest an entitlement to relief." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (*citing Twombly*, 550 U.S. 544; *Iqbal*, 556 U.S. 662); *see also AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 640 (9th Cir. 2012) (applying *Starr* to municipal liability claims, holding that "plausible facts supporting a policy or custom . . . could cure [ ] the deficiency in [a] *Monell* claim.").

As this Court advised Plaintiff in its March 3, 2015 Order, under 42 U.S.C. § 1983, a public entity "cannot be held liable solely because it employs a tortfeasor." *See* Doc. No. 5 (citing *Monell*, 436 U.S. at 691). "This means that a municipality is not liable under § 1983 based on the common-law tort theory of respondeat superior." *Castro v. Cnty. of Los Angeles*, __ F.3d __, No. 12-56829, 2015 WL 4731366, at *11 (9th Cir. Aug. 11, 2015). Here, while Plaintiff was previously granted an opportunity to plead "plausible facts supporting a policy or custom" regarding the conditions of his confinement at VDF as promulgated, adopted, or implemented by the County, *see* March 16, 2015 Order (ECF Doc. No. 5) at 7 (citing *Hernandez,* 666 F3d. at 637), his Amended Complaint continues to contend, without any elaboration whatsoever, simply that unidentified "employees" of the County of San Diego, acted "according to . . . policies" and with "deliberate indifference." *See* FAC at 3, 4. He offers no further factual content to show what those policies actually were, how the Court might plausibly infer that these policies caused, or were the "moving force" behind any injury he may have suffered, or why they may be even arguably described as evidencing "deliberate indifference" to any constitutional right. *See Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010) (synthesizing Supreme Court authorities); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *see also Iqbal*, 556 U.S. at 678. "[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality . . . [t]he plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was

the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a causal link between the municipal action and the deprivation of federal rights." *Brown,* 520 U.S. at 404.

Thus, as currently pleaded, the Court finds Plaintiff's Amended Complaint contains only "unadorned, the defendant-unlawfully-harmed-me accusation[s]," and "formulaic recitations of the elements of a cause of action" based on municipal liability that *Iqbal* clearly dictates "will not do." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). For these reasons, Plaintiff's Amended Complaint, like his original, fails to state a claim upon which relief can be granted, and must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### III.  Conclusion and Order

For the reasons set forth above, the Court:

(1) **DISMISSES** Plaintiff's First Amended Complaint (ECF Doc. No. 6) without further leave to amend both as frivolous and for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and

(2) **CERTIFIES** that an IFP appeal from this final Order of dismissal would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

**IT IS SO ORDERED**.

DATED: September 8, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge